UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LAUREN LUTZ,

    Plaintiff,

v.

AVION CATERING GROUP, LLC, a
New Jersey limited liability company,
d/b/a VINTAGE CATERERS,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, LAUREN LUTZ (hereinafter referred to as "LUTZ"), by and through her undersigned attorney, hereby files this Complaint against Defendant, AVION CATERING GROUP d/b/a VINTAGE CATERERS (hereinafter referred to as "VINTAGE"), and as grounds therefore alleges as follows:

## JURISDICTION

1. This is an action for damages as a result of wages owed and is brought pursuant to the Fair Labor Standards Act 29 U.S.C. § 201, et seq. ["The Act"] for unpaid overtime under § 207.

2. This court has federal jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. § 216(b).

3. Defendant VINTAGE is a New Jersey limited liability company that operates within Florida.

4. Defendant, at all times material hereto, is engaged in commerce or in the production of goods for commerce as defined in § 207 of the Act.

5. Defendant, at all times material hereto, has two or more employees engaged in commerce or in the production of goods for commerce or that have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, as defined in § 203 of the Act.

6. Upon information and belief, Defendant has an annual gross sales volume that exceeds the statutory requirements of $500,000 per annum.

7. Plaintiff's job duties were such that she herself was individually engaged in commerce or in the production of goods for commerce as defined in § 207 of the Act.

## VENUE

8. The Plaintiff is a resident of Indian River County, Florida.

9. This cause of action occurred in Indian River County, Florida, and at all times material hereto, Defendants conduct business in Indian River County.

10. Plaintiff at all times during her employment worked at the location in Sebastian, Florida.

## COMMON ALLEGATIONS

11. Plaintiff was employed with Vintage from on or about April 2016 through July 2016.

12. Plaintiff worked as a member of the office staff with duties that included taking customer food orders, sending orders to the caterers, and contacting the jet sites to ensure that the orders were fulfilled accurately.

13. Plaintiff regularly worked over forty (40) hours in a given work week.

14. Defendant did not compensate Plaintiff time and one half her hourly rate for overtime.

15. Defendant's annual gross sales volume exceeds the statutory requirement of $500,000.00 per annum.

16. Defendant, at all times material hereto, was engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

17. Plaintiff is a non-exempt employee and otherwise entitled to overtime payments.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 207

Plaintiff re-alleges Paragraphs 1 through 17 as set forth herein.

18. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

19. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendant.

20. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

21. Defendant failed to compensate Plaintiff up to one and a half times her hourly rate for all work performed in excess of forty (40) hours.

22. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 207. Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

23.     Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

24.     As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs to 29 U.S.C. § 216.

25.     As a direct and proximate result of the Defendant's action, Plaintiff has suffered damages.

26.     As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. § 216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

## COUNT II
## UNDERPAYMENT
## IN VIOLATION OF THE FLSA 29 U.S.C. § 206

Plaintiff re-alleges Paragraphs 1 through 17 as set forth herein.

27.     Plaintiff is a covered, non-exempt employee and is entitled to minimum wage compensation for all hours worked.

28. Plaintiff worked without the benefit of being paid the minimum wage as set forth in state and federal law.

29. Defendant failed to compensate Plaintiff at least minimum wage.

30. The Defendant's failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 206.

31. Defendant's failure to pay Plaintiff proper wages was the result of intentional, willful misconduct, such that Plaintiff is entitled to minimum wage payments for the entire period of his employment.

32. Plaintiff is also entitled to liquidated damages as set forth under the FLSA.

33. As a direct and proximate result of Defendant's action, the Plaintiff obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216.

34. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

35. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, prejudgment interest, attorney's fees and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows: That Plaintiff be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. § 216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff further demands trial by jury.

Dated this 12th day of October 2017.

        SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Allison B. Duffie
Allison B. Duffie, Esq.
Florida Bar No. 649902
Primary e-mail: ADuffie@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com